UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         DOCKET NO. 22-1937

---

TERRENCE SINGLETON,                   **COMPLAINT**

              Plaintiff,

                                Plaintiff Demands Trial by Jury

  -against-

UNITED STATES OF AMERICA,

              Defendant.

---

## COMPLAINT

Plaintiff, TERRENCE SINGLETON, by his attorneys, SACCO & FILLAS, LLP, as and for his Complaint against the Defendant, United States of America, respectfully alleges, upon information and belief, as follows:

### NATURE OF ACTION

1. Plaintiff, TERRENCE SINGLETON, by his attorneys, Sacco & Fillas, LLP., brings this complaint against Defendant THE UNITED STATES OF AMERICA pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80.

2. Plaintiff has exhausted his claim by filling the proper claims with defendant and waiting the required six months to allow defendant to assess the claim. See the filed Administrative Complaint attached hereto as Exhibit A.

### INTRODUCTION

3. This is a medical malpractice action that seeks damages for the injuries suffered by the plaintiff due to defendant's departures from the standards of care while performing surgery

on his neck, specifically, a C3-C6 laminectomy and fusion. Defendant's negligence and departure from good and accepted medical practice resulted in severe and permanent injuries to the plaintiff including a hematoma on the spine and the need for additional laminectomy at C6-C7 and fusion down to the second level of the thoracic spine, and additional post-surgical infection. These injuries forced the plaintiff to undergo further surgical intervention.

4. Employees of VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL medical center hospital run by the Department of Veterans Affairs, therefore covered by the Federal Torts Claims Act (hereinafter "FTCA"), have caused plaintiff's tortious injury. As permitted by the statute, plaintiff brings this action against Defendant THE UNITED STATES OF AMERICA.

## JURISDICTION AND VENUE

5. This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80. This Court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. §§ 1346(b)(l).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(b), as this is an action against the UNITED STATES OF AMERICA, and this is the district in which the tortious acts and omissions that give rise to the claim occurred.

7. Plaintiff, TERRENCE SINGLETON is a citizen of the State of New Jersey, residing at 515 Elizabeth Avenue, Newark, New Jersey 07112.

## PARTIES

8. The VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS, located at 423 East 23rd Street, New York, New York 10010, is

a FTCA covered hospital owned and operated by the Department of Veterans Affairs, whose employees, including Dr. James L. Stone, are deemed to be federal employees, hence qualified for protection under the FTCA.

9. Defendant, THE UNITED STATES OF AMERICA, is the party to this action by virtue of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq.

## PROCEDURAL HISTORY

10. Pursuant to 28 U.S.C. § 2675(a), Plaintiff filed a claim on May 14, 2021, with the United States Department of Veterans Affairs ("VA") alleging that the FTCA covered DEPARTMENT OF VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS, and its employees including Dr. James L. Stone in that they "failed to obtain an informed consent from plaintiff for surgical procedures to be performed; and thereafter negligently performed spinal surgical interventions on May 28, 2019, necessitating further surgical interventions on June 7, 2019, September 1, 2020, October 19, 2020, and November 10, 2020, all of which were performed by VA surgeon(s) and the VA facility known as Harbor Healthcare System. The aftercare, relative to hardware, and ensuring infection was avoided or eradicated was likewise negligent, and caused injury, and need for surgery."

11. The Department of Veterans Affairs made a determination denying the plaintiff's claim on September 9, 2021, a "final denial" of the claim. Thus, this matter is timely commenced pursuant to 28 U.S.C. §§ 2401 and 2675(a).

## FIRST CAUSE OF ACTION

12. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated "1" through "11" inclusive, with the same force and effect as if herein stated set forth more fully at length.

13. At all times hereinafter mentioned, the Department of Veterans Affairs is an agency of the UNITED STATES OF AMERICA, existing by virtue of Federal law.

14. At all times hereinafter mentioned, the Department of Veterans Affairs owned and operated all Veterans Administration Medical Centers.

15. At all times hereinafter mentioned, all hospitals owned and operated by the Department of Veterans Affairs, including Veterans Administration Medical Centers, are covered by the FTCA.

16. Defendant THE UNITED STATES OF AMERICA, at all times hereinafter mentioned, provided medical malpractice protection to Veterans Administration Medical Centers, and their employees, that met annual program requirements of FTCA coverage.

17. At all times hereinafter mentioned, all Veterans Affairs Medical Centers were covered by the FTCA.

18. At all times hereinafter mentioned, the Department of Veterans Affairs operated, conducted, managed and controlled the VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL, located at 423 East 23rd Street, New York, New York 10010.

19. At all times hereinafter mentioned, the VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL was an entity of the

federal government existing by virtue of the laws of the UNITED STATES OF AMERICA and the State of New York.

20. At all times hereinafter mentioned, the VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL was an FTCA covered hospital located at 423 East 23rd Street, New York, New York 10010.

21. By virtue of its FTCA coverage, The Department of Veterans Affairs is sued herein as defendant THE UNITED STATES OF AMERICA.

22. By virtue of its FTCA coverage, the Brooklyn Veterans Administration Medical Center is sued herein as defendant THE UNITED STATES OF AMERICA.

23. At all times hereinafter mentioned, Dr. James L. Stone, a physician licensed to practice medicine in the State of New York.

24. At all times hereinafter mentioned, Dr. James L. Stone specialized in the field of Obstetrics and Gynecology.

25. At all times hereinafter mentioned Dr. James L. Stone was associated with the VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL and/or the Department of Veterans Affairs.

26. At all times hereinafter mentioned, Dr. James L. Stone was on the staff of the VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL Medical Center and/or the Department of Veterans Affairs.

27. At all times hereinafter mentioned, Dr. James L. Stone was acting as an agent of the Medical Center and/or the Department of Veterans Affairs.

28. At all times hereinafter mentioned, Dr. James L. Stone was an employee of the and/or the

VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL and/or the Department of Veterans Affairs.

29. At all times hereinafter mentioned, Dr. James L. Stone was acting within the course and scope of his employment with the VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL and/or the Department of Veterans Affairs.

30. By virtue of his relationship with the VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL an FTCA covered hospital, and/or the Department of Veterans Affairs, Dr. James L. Stone is a federal employee and is sued herein as Defendant THE UNITED STATES OF AMERICA.

31. On or about May 28, 2019, plaintiff was admitted to undergo a cervical spine laminectomy and fusion at levels C3-C6, which was performed by Dr. James L. Stone.

32. On or about, May 28, 2019, plaintiff underwent a surgical procedure performed by Defendant THE UNITED STATES OF AMERICA, by virtue of VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL, performed by Dr. James L. Stone and others.

33. From on or about May 28, 2019, through on or about November 20, 2020, and upon information and belief continuing thereafter, THE UNITED STATES OF AMERICA, by virtue of VETERANS AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM, MANHATTAN CAMPUS HOSPITAL its agents, servants and employees, including Dr. James L. Stone, undertook certain medical, surgical, and diagnostic care and treatment to plaintiff, TERRENCE SINGLETON.

34. Defendant, and its agents servants, and employees, failed to follow approved medical, surgical, and diagnostic care and treatment rendered to plaintiff, TERRENCE SINGLETON, in that they deviated and departed from standard, accepted and approved medical, surgical and diagnostic practices and procedures, including, but not limited to, failure to appropriately evaluate plaintiff's surgical risks pre-operatively; causing and allowing the development of a large hematoma in the surgical site, failing to recognize the formation of the hematoma promptly, causing and allowing the hematoma to lead to neurological damage, failing to perform the surgery properly and causing the plaintiff to undergo numerous other surgical procedures.

35. As a result of the aforesaid, plaintiff suffered bodily injury, including a hematoma at the surgical site; damage to the nerves/nerve roots at the affected levels of the spine, further and additional surgical procedures to drain and close the hematoma and then to extend the laminectomy and fusion due to progressive nerve damage and loss of feeling in the plaintiff's bilateral upper extremities, a severe shock to his nervous system and certain internal injuries and has been caused to suffer physical pain and mental anguish as a result thereof; upon information and belief, some of these injuries are of a permanent and lasting nature; plaintiff has been confined to bed and home as a result thereof, and has been caused to expend or has become obligated to expend certain sums of money for medicines and medical attention.

## SECOND CAUSE OF ACTION

36. The defendants and/or each of them, their agents, servants and/or employees failed to obtain an informed consent from plaintiff; failed to reasonably advise him of the foreseeable risks, benefits, hazards and complications attendant to the medical and surgical procedures to be

performed; failed to advise plaintiff of the available alternative methods and modalities of treatment; failed to treat plaintiff's condition; and otherwise failed to disclose that information as would a reasonable medical practitioner under similar circumstances.

37. That the plaintiff and a reasonable person in the plaintiff's position would not have consented to the surgical procedure performed and would have sought prompt treatment had he been informed of the risk's attendant to same.

38. As a result of the foregoing, plaintiff was proximately caused to sustain damages. Defendant, and its agents, servants, and employees, failed to follow approved medical, surgical, and diagnostic methods in general use; to follow standard and accepted medical, gynecological, surgical and diagnostic practices and procedures; to use ordinary and reasonable medical, gynecological surgical and diagnostic care, diligence and skill; and to possess the requisite degree of learning, knowledge and skill.

39. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

40. By reason of the foregoing, Plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, THE UNITED STATES OF AMERICA on the Cause of Action in the sum of TEN MILLION ($10,000,000.00) Dollars, together with interest and the costs and disbursements of this action.

Dated: Astoria, New York
March 8, 2022

Yours, etc.,

*[signature]*

By: Russell T. McHugh (RM0751)
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff, TERRENCE SINGLETON
31-19 Newtown Avenue. 7 Floor
Astoria, NY 11102
File No.: 25693-21

UNITED STATES DISTRICT COURT  Docket No. 22-1937
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
TERRENCE SINGLETON,

                     Plaintiff,

-against-


UNITED STATES OF AMERICA,

                     Defendant.
-------------------------------------------------------------

**CIVIL COVER SHEET, SUMMONS,
COMPLAINT AND DEMAND FOR A JURY TRIAL**

-------------------------------------------------------------

Dated: Astoria, NY
       March 8, 2022

Signature: _____
Russell T. McHugh (RM0751)

**SACCO & FILLAS, LLP**
Attorneys for the Plaintiff
31-19 Newtown Avenue, 7 Floor
Astoria, NY 11102
File No.: 25693-21